966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Merle KRAMER, Appellant,
v.
UNITED STATES PAROLE COMMISSION, U.S. ATTORNEY GENERAL;
Federal Bureau of Prisons, Appellees.
 No. 92-1198.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 5, 1992.
Filed: June 16, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Merle Kramer, a federal inmate, appeals from the district court's[1] denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We affirm.
 
 
 2
 In January 1989, Kramer was sentenced by the United States District Court for the Northern District of Iowa to nine years imprisonment for cocaine and marijuana offenses. Kramer was also sentenced to a consecutive term of fifteen months imprisonment for willful failure to appear for trial. Kramer became eligible for parole on August 27, 1991, but he waived parole consideration.
 
 
 3
 In July 1991, Kramer filed the instant section 2241 petition, asserting that the law extending the existence of the United States Parole Commission to November 1, 1997, prejudiced him and violated the ex post facto clause of the United States Constitution.
 
 
 4
 The magistrate judge recommended denial of the petition, concluding that Kramer had failed to exhaust available administrative remedies. The district court adopted the magistrate judge's report over Kramer's objections and denied the petition.
 
 
 5
 The district court properly held that Kramer was not entitled to relief. Before considering the merits of a habeas corpus petition from a federal prisoner, a court must first determine that all available administrative remedies have been exhausted. See Leighnor v. Turner, 884 F.2d 385, 387-88 (8th Cir. 1989). Kramer has failed to show any attempt to exhaust available administrative remedies.
 
 
 6
 We reject Kramer's argument that he was not required to exhaust under McCarthy v. Madigan, 112 S. Ct. 1081, 1082 (1992) (federal prisoner need not exhaust administrative remedies when seeking damages in Bivens action). The government correctly argues that McCarthy does not apply here.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable James R. Rosenbaum, United States District Judge for the District of Minnesota, who adopted the report and recommendation of The Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota